FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 09 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DAVID BIRCH and MICHAEL BENET**　　　　　　　　　　　　**PLAINTIFFS**

vs.　　　　　　　　　　No. 4:17-cv-_384_-DPM

**RHD, JR., INC., d/b/a MAYFLOWER RV SALES
& SERVICE; ROBERT H. DUDLEY, JR.;
MARJORIE DUDLEY; DWB, LLC,
d/b/a MAYFLOWER RV SALES & SERVICE;
and DANNY BROWN**　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORIGINAL COMPLAINT

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Ray_

COME NOW Plaintiffs David Birch and Michael Benet ("Plaintiffs"), by and through their attorneys Stacy Gibson, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action against Defendants RHD, Jr., Inc., d/b/a Mayflower RV Sales & Service; Robert H. Dudley, Jr.; Marjorie Dudley; DWB, LLC, d/b/a Mayflower RV Sales & Service; and Danny Brown (collectively "Defendants"), for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee as a result of Defendants' policy and practice of failing to properly pay Plaintiffs for all of the hours in each week that they were made to work.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391

## III. THE PARTIES

8. Plaintiff David Birch ("Birch") is an individual and resident of Pulaski County.

9. Plaintiff Michael Benet ("Benet") is an individual and resident of Lonoke County.

10. Separate Defendant RHD, Jr., Inc., d/b/a Mayflower RV Sales & Service ("RHD"), is an Arkansas corporation.

11. Separate Defendant Robert H. Dudley, Jr. ("Bob Dudley"), is an individual who resides in the State of Arkansas.

12. Bob Dudley serves as the registered agent for RHD, and he keeps an address at 1921 Beechwood, Little Rock, Arkansas 72207.

13. Bob Dudley is a principal and/or director and/or officer of RHD.

14. Upon information and belief, Bob Dudley owns all or part of RHD.

15. Separate Defendant Marjorie Dudley ("Marjorie Dudley") is an individual who resides in the State of Arkansas.

16. Marjorie Dudley keeps an address at 1921 Beechwood, Little Rock, Arkansas 72207.

17. Marjorie Dudley is a principal and/or director and/or officer of RHD.

18. Separate Defendant DWB, LLC d/b/a Mayflower RV Sales & Service ("DWB"), is an Arkansas Limited Liability Company.

19. Separate Defendant Danny Brown ("Brown"), is an individual who resides in the state of Arkansas.

20. Brown serves as the registered agent for DWB, and he keeps an address at 3002 JFK Boulevard, Suite B, North Little Rock, Arkansas 72116.

21. Brown is a principal and/or director and/or officer of DWB.

22. Upon information and belief, Brown owns all or part of DWB.

23. Until April 10, 2015, DWB and Brown operated a recreational vehicle sales and service company doing business as Mayflower RV Sales & Service with two locations, one at 5603 Alma Highway, Van Buren, Arkansas 72956 and the other at 8830 Landers Road, Sherwood, Arkansas 72120. From April 10, 2015 to present, RHD, Bob Dudley, and Marjorie Dudley have operated Mayflower RV Sales & Service.

24. Defendants maintain a series of website pages found at http://www.mayflowerrv.com/.

25. During the relevant time, Defendants hired "mechanics," including Benet, to perform service work on recreational vehicles.

26. During the relevant time, RHD, Bob Dudley, and Marjorie Dudley hired Birch as a bookkeeper to perform accounting services.

27. During the relevant time, RHD had at least some employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to, items such as recreational vehicle parts; tools; technology such as computers, wireless internet routers, or websites; credit cards, debit cards, and other forms of payment; and other goods typically used in the operation of a recreational vehicle sales and service company.

28. During the relevant time, RHD's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each calendar year.

29. During the relevant time, RHD continuously employed at least eight individuals.

30. Upon information and belief, Bob Dudley and Marjorie Dudley manage and control the operation of RHD and dictate the employment policies of RHD, including but not limited to the decision to pay mechanics only for time they were working which could be billed to a specific customer and the decision to not pay bookkeepers an overtime rate for hours worked over forty each week.

31. During the relevant time, DWB had at least some employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to, items such as recreational vehicle parts; tools; technology such as computers, wireless internet routers, or websites; credit cards, debit cards, and other forms of payment; and other goods typically used in the operation of a recreational vehicle sales and service company.

32. During the relevant time, DWB's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each calendar year.

33. During the relevant time, DWB continuously employed at least eight individuals.

34. Upon information and belief, Danny Brown manages and controls the operation of DWB and dictates the employment policies of DWB, including but not

limited to the decision to pay mechanics only for time they were working which could be billed to a specific customer.

## IV. FACTUAL ALLEGATIONS

35. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

36. During the relevant time, Birch performed bookkeeping services on behalf of RHD, Bob Dudley, and Marjorie Dudley (collectively "RHD Defendants").

37. Birch worked for RHD Defendants during a period beginning on or around August of 2015 until January of 2016.

38. Birch has not financially invested in the company.

39. Birch does not share in the profits or losses of the company.

40. Birch had no control over his work environment and worked on the tasks assigned to him by RHD Defendants, using RHD Defendants' workspace and supplies.

41. RHD Defendants set the rules and had complete control over the tasks and manner of work to be performed, and Birch had to obey these rules or risk loss of his job.

42. During the relevant time, Birch performed bookkeeping services for RHD Defendants in excess of forty hours per workweek.

43. RHD Defendants only paid Birch a flat rate for all hours worked, including hours worked over forty per week.

44. RHD Defendants did not pay Birch a fixed weekly sum.

45. Birch does not possess a terminal degree of any kind.

46. As a direct, obvious and intentional result of RHD Defendants' pay policies, Birch worked for RHD Defendants for *many* hours during the relevant time for which he did not receive lawfully sufficient compensation.

47. During the relevant time, Benet performed mechanic services on behalf of Defendants.

48. Benet worked for Defendants during a period beginning on or around February of 2015 until March of 2016.

49. Benet has not financially invested in the company.

50. Benet does not share in the profits or losses of the company.

51. Benet had no control over his work environment. Defendants, not Benet, arranged all customers for Benet.

52. Defendants set the rules and had complete control over the customers and manner of work to be performed, and Benet had to obey these rules or risk loss of his job.

53. During the relevant time, Benet performed mechanic services for Defendants in excess of forty hours per workweek.

54. Defendants had a rule that Benet would not get paid for hours worked except for those hours which could be billed to a specific customer.

55. As a direct, obvious and intentional result of Defendants' pay policies, Benet worked for Defendants for *many* hours during the relevant time for which he received no compensation.

56. At all relevant times, Defendants knew or should have known that Plaintiffs were working hours for which they were not receiving proper compensation.

57. At all relevant times, Defendants knew or should have known that the FLSA and AMWA applied to the operation of a recreational vehicle sales and service business.

## V. FIRST CLAIMS FOR RELIEF

### (FLSA Overtime Violations)

58. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

59. Defendants failed to pay Plaintiffs the minimum wages and/or overtime wages required under the FLSA.

60. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF

### (AMWA Overtime Violations)

63. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Defendants failed to pay Plaintiffs minimum wages and/or overtime wages required under the AMWA.

65. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

66. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs David Birch and Michael Benet respectfully pray as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That each Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and attendant regulations;

(e) Judgment for damages for all unpaid regular wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f) Judgment for damages for all unpaid regular wages under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and attendant regulations;

(g) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

(h) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and attendant regulations

(i) An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(j) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**DAVID BIRCH and MICHAEL BENET, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Stacy Gibson
Stacy Gibson
Ark. Bar No. 2014171
stacy@sandfordlawfirm.com

and /s/ Chris Burks
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com